# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Carl Green,
Assignee of Kathlyn Gray,[1]

   Plaintiff,

v.

Chamberlain Home Owners Association,

   Defendant.

Civ. No. 20-798 (JRT/BRT)

**REPORT AND
RECOMMENDATION**

Carl Green, *pro se* Plaintiff.

Nigel H. Mendez, Esq., Carlson & Associates, Ltd., counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on Defendant Chamberlain Home Owners Association's Motion to Dismiss Complaint, whereby Defendant seeks dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) Also before the Court is Defendant's "Motion to Declare Plaintiff a Vexatious Litigant of Chamberlain Home Owners Association," whereby Defendant seeks an order from the Court (1) enjoining Plaintiff Carl Green from filing any civil action in this District against Defendant without first obtaining leave of court; (2) requiring Plaintiff Carl Green, if he attempts to file any

---

[1] Defendant states that, based on several other public filings, it is likely that the correct spelling of Ms. Gray's first name is Kathleen. (Doc. No. 6, Def.'s Mem. of Law in Supp. 1.)

civil action in this District against Defendant, to certify that the claim or claims he wishes

to present are "not frivolous, malicious, or brought in bad faith"; and (3) requiring

Plaintiff Carl Green, if he attempts to file any civil action in this District against

Defendant, to "affix a copy of the Court's order creating these sanctions to any motion

for leave to file a claim." (Doc. No. 17.) Plaintiff filed a response in opposition to both

motions. (Doc. No. 25.) The motions have been referred to this Court for a Report and

Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. (Doc. No. 26.) This

Court finds no hearing necessary, and, for the reasons stated below, recommends that

Defendant's motions be granted.

## BACKGROUND[2]

This case stems from Defendant Chamberlain Home Owners Association's

("Chamberlain") foreclosure of a lien against a certain property in Woodbury, MN (the

"Subject Property"). Defendant Chamberlain is a non-profit, home-owners association

---

[2]     The background consists of information from Plaintiff's Complaint, as well as
exhibits provided by Defendant. A court may consider extraneous materials that are
outside the complaint when considering a motion to dismiss if such materials are matters
of public record or if they are "necessarily embraced" by the pleadings. *See Porous
Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also Piper Jaffray
Cos. v. Nat'l Union Fire Insur. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) (stating
that materials that are necessarily embraced by pleadings may include copies of
underlying pleadings and documents incorporated by reference); *E.E.O.C. v. Am. Home
Prod. Corp.*, 199 F.R.D. 620, 627 (N.D. Iowa 2001) (stating that materials that are public
record may be considered in deciding a motion to dismiss) (citing *Missouri ex rel. Nixon
v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)). Defendant submitted an
Affidavit and Declaration of Nigel H. Mendez with exhibits attached. (Doc. Nos. 7, 20.)
All of those exhibits are matters of public record, which are properly considered on a
motion to dismiss without converting the motion into one for summary judgment.

incorporated in Minnesota, of which the Subject Property is a part of. The Subject

Property was previously owned by Larry and Kathleen Gray. In this lawsuit, Plaintiff

Carl Green asserts he is the assignee of Kathleen Gray. (Doc. No. 1, Compl. ¶ 4.)

On September 21, 2012, ownership of the Subject Property was transferred from

the Grays to Rainbow House, LLC[3] via a quit-claim deed, which was later recorded in the

Office of the County Recorder for Washington County on March 12, 2014. (Doc. No. 7,

Aff. of Nigel H. Mendez ¶ 2, Ex. A.) In February 2018, Chamberlain commenced a

judicial foreclosure against Rainbow House, LLC, for unpaid assessments on the Subject

Property. (Doc. No. 20, Decl. of Nigel H. Mendez ¶ 8, Ex. C.) On June 6, 2018,

Chamberlain was granted a lien on the Subject Property, and the state court ordered the

Subject Property be sold by Sheriff sale. (Doc. No. 7, Aff. of Nigel H. Mendez, Ex. B.)

Through the foreclosure sale, the Subject Property was awarded to Chamberlain on

October 11, 2018, as the highest bidder. (*Id.*)

Plaintiff Carl Green has filed this lawsuit asserting that Chamberlain violated

Mrs. Gray's Fifth Amendment rights by foreclosing on the Subject Property "without a

hearing in violation of due process of law." (Compl. ¶ 10.)

## DISCUSSION

### I.    Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a

complaint must contain "enough facts to state a claim to relief that is plausible on its

---

3    Carl Green is the owner of Rainbow House, LLC. (Doc. No. 20, Decl. of Nigel H. Mendez ¶ 8, Ex. C.)

face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). This standard does not require the

inclusion of "detailed factual allegations" in a pleading, but the complaint must contain

facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at

555. This standard "calls for enough fact[s] to raise a reasonable expectation that

discovery will reveal evidence of [the claim]." *Id.* at 556. In applying this standard, the

Court must assume the facts in the complaint to be true and must construe all reasonable

inferences from those facts in the light most favorable to the plaintiff. *Gomez v. Wells*

*Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012). But the Court need not give effect

to those allegations that simply assert legal conclusions. *McAdams v. McCord*, 584 F.3d

1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In addition, "Rule 12(b)(6) authorizes

a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*,

490 U.S. 319, 326 (1989). A court has the duty to construe liberally a pro se party's

pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

II.    **Analysis**

    **A. Motion to Dismiss**

    Plaintiff has asserted one count in his Complaint – "Violations of 5th Amendment

To The United States Constitution." (Doc. No. 1, Compl.) The entirety of Plaintiff's

allegation under that count states as follows:

> On or about June 2018, by order of the court in which Chamberlain filed its
> action to take and/or take possession of Mrs. Gray's property at [a certain
> address in] Woodbury, MN 55125 Chamberlain won its claim by default

for Mrs. Gray's property and thus deprived Mrs. Gray of her property and personal items within the property without a hearing in violation of due process of law.

(*Id.* ¶ 10.) The entirety of the factual allegations asserted to support that claim are as

follows:

> 3.      Defendant, Chamberlain is a non-profit organization incorporated under the laws of the state of Minnesota.
>
> 4.      Plaintiff, Carl Green, an individual, is an Assignee of Mrs. Gray and a resident of the state of Minnesota.
>
> 5.      On or about May 17, 2006, Mrs. Gray took out a mortgage on her home and property located at [a certain address in] Woodbury, MN 55125.
>
> 6.      On or about February 2018, Chamberlain filed a Civil Action to take and/or take possession of Mrs. Gray's property located at [a certain address in] Woodbury, MN 55125.
>
> 7.      Chamberlain neglected to name Mrs. Gray as a defendant in the case.
>
> 8.      Chamberlain through its course of actions after initiating court proceedings to take Mrs. Gray's property at [a certain address in] Woodbury, MN 55125, to this date, never affected service of Summons and Complaint upon Mrs. Gray.
>
> 9.      On or about February 2018, since the filing of the Civil Action to take possession of Mrs. Gray[']s property [a certain address in] Woodbury, MN 55125, Chamberlain had the opportunity through numerous court proceedings to add Mrs. Gray as a party to the Action of taking Mrs. Gray's property but did not and therefore denied Mrs. Gray the right to a hearing.

(Compl. ¶¶ 3–9.)

Defendant's argument for dismissal is simple. Defendant asserts that Plaintiff's

Fifth Amendment claim, the only claim asserted against Defendant in the Complaint,

must be dismissed because Defendant is a non-profit corporation, not an arm of the

federal government, and therefore the claim must be dismissed for failure to state a viable claim. This Court agrees.

"The Fifth Amendment's Due Process Clause applies only to the federal government or federal actions[.]" *Barnes v. City of Omaha*, 574 F.3d 1003, 1005 n.2 (8th Cir. 2009); *see also Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Therefore, a "federal action" is necessary "before there is any deprivation of due process in violation of the fifth amendment." *Junior Chamber of Commerce of Kansas City, Mo. v. Mo. State Junior Chamber of Commerce*, 508 F.2d 1031, 1033 (8th Cir 1975). There is no allegation in this lawsuit of any conduct by federal government actors. Defendant is a non-profit corporation and is not subject to the due process clause of the Fifth Amendment. Therefore, Plaintiff's claim fails as a matter of law because the Fifth Amendment's Due Process Clause applies only to the federal government or federal actions, and Plaintiff has not alleged that the federal government or a federal action deprived him (or Mrs. Gray) of due process.[4] Thus, this Court recommends granting Defendant's motion to dismiss.

---

[4]    The Fifth Amendment is applied to the states through the Fourteenth Amendment, and therefore state actors are subject to the due process clause of the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (stating that the Fourteenth Amendment can be violated only by conduct "that may fairly be characterized as 'state action'"). Here, Defendant is not a state actor either. Therefore, even if Plaintiff were asserting a Fourteenth Amendment due process clause claim, that claim would fail.

**B. Defendant's Motion for Other Relief**

Defendant has also filed a "Motion to Declare Plaintiff a Vexatious Litigant of Chamberlain Home Owners Association." (Doc. No. 17.) Defendant asserts that Plaintiff Carl Green has "repeatedly and continuously filed baseless lawsuits and appeals against the Association and its legal counsel," and that "[e]very one of these claims have been frivolous and summarily dismissed." (Doc. No. 19, Def.'s Mem. of Law in Supp. 1.) Defendant seeks an order from the Court (1) enjoining Plaintiff Carl Green from filing any civil action in this District against Defendant without first obtaining leave of court; (2) requiring Plaintiff Carl Green, if he attempts to file any civil action in this District against Defendant, to certify that the claim or claims he wishes to present are "not frivolous, malicious, or brought in bad faith"; and (3) requiring Plaintiff Carl Green, if he attempts to file any civil action in this District against Defendant, to "affix a copy of the Court's order creating these sanctions to any motion for leave to file a claim." (Doc. No. 17.)

This Court agrees that the relief Defendant seeks should be granted, in part. It is apparent through public records that Plaintiff Carl Green (or his company Rainbow House, LLC) has filed multiple cases and appeals—both federal and state cases—relating to the foreclosure on the Subject Property, all of which have been decided not in Green's favor. (*See* Doc. No. 20, Decl. of Nigel H. Mendez, Exs. B, C, D, E, F, G, H, I, J, K, L, M, N.) With respect to Defendant Chamberlain, in addition to the initial appeals taken from the state court's confirmation of the foreclosure sale of the Subject Property, Plaintiff Green filed (1) an action against Chamberlain in state conciliation court—which

7

was later appealed to district court and then the court of appeals—asserting claims for

alleged breach of contract and breach of the implied covenant of good faith and fair

dealing (*Id.*, Ex. C); (2) an action in federal court against Chamberlain's attorney from

the foreclosure action, along with two state court judges, seeking vacation of the

foreclosure judgment and damages for alleged civil rights violations[5] (*Id.*, Ex. D); (3) a

removal of the state eviction action to federal court along with another motion for a

temporary restraining order, which was denied and the action was remanded back to state

court (*Id.*, Ex. G); (4) an action in state court against Green's company Rainbow House,

LLC, listing Chamberlain as a third-party defendant, seeking to undo the ownership

transfer from the Gray's to Rainbow House, LLC, which was dismissed based on Green's

representation to the court that the matter was moot, appealed by Green to the court of

appeals, and denied affirming the dismissal without prejudice (*Id.*, Exs. H, I, J);

(5) another action in state court listing Chamberlain as one of the defendants, again

seeking to undo the ownership transfer from the Gray's to Rainbow House, LLC, which

was dismissed on motion (*Id.*, Exs. K, L); and (6) an amended motion in the original

foreclosure action (which was a closed case), which the state court judge stated was

"frivolous, vexatious, and totally without merit" and provided the parties an opportunity

---

[5]    Prior to dismissal on Rule 12 motions to dismiss for that case, Green brought three motions for temporary retraining orders seeking to stop his eviction from the Subject Property. (*Id.*, Ex. E.) When the Court denied Green's third motion on August 21, 2019, the court stated, "[t]here is a point beyond which zeal becomes vexation . . . and steadfast adherence to a position transforms to obdurateness." (*Id.* (quotations omitted).) The Court also warned that "[f]urther repetitive and unsupported filings may warrant consideration of sanctions." (*Id.*)

to brief "<u>whether</u> Green is a frivolous litigant Under Rule 9."[6] (*Id.*, Ex. N (emphasis in original).) Green then filed the present case in federal court, again naming Chamberlain as a Defendant, which as explained above, this Court recommends be dismissed. At this point, there is nothing that Plaintiff Green has alleged with respect to the Subject Property that could not have been alleged or argued in prior cases or appeals. Because there comes a point when litigation as to a certain matter needs to stop, whether it be because it is frivolous, repetitive, or vexatious, this Court recommends that the Court issue an order prohibiting Carl Green from commencing any future action against Chamberlain Home Owners Association, its board, members, property manager, or legal counsel on claims related to the Subject Property without first obtaining leave of court. Because of that restriction, this Court finds the other requests made by Chamberlain—to require Carl Green to certify with the Court that the claim or claims he wishes to present are not frivolous, malicious, or brought in bad faith when attempting to file any future action, and requiring Green to affix a copy of the Court's order creating the sanctions to any motion for leave to file a claim—are unnecessary.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Defendant Chamberlain Home Owners Association's Motion to Dismiss Complaint (Doc. No. 5) be **GRANTED**;

---

[6]      At the time Chamberlain filed its motion with this Court, the Rule 9 hearing date in state court had not yet passed.

2.      Defendant's "Motion to Declare Plaintiff a Vexatious Litigant of

Chamberlain Home Owners Association" (Doc. No. 17) be **GRANTED IN PART** and

**DENIED IN PART** as follows:

      a.  The motion be granted to the extent that Plaintiff Carl Green be precluded from filing any civil action related in any way to the Subject Property in the United Sates District Court for the District of Minnesota against Defendant Chamberlain Home Owners Association, its individual board members, its property manager, and its legal counsel without first obtaining leave of court;

      b.  The motion be denied with respect to Defendant's request for Plaintiff Carl Green to certify with the Court that the claim or claims he wishes to present are not frivolous, malicious, or brought in bad faith when attempting to file any future action; and

      c.  The motion be denied with respect to Defendant's request requiring Plaintiff Carl Green to "affix a copy of the Court's order creating these sanctions to any motion for leave to file a claim."

Date: November 12, 2020

                                        *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within fourteen (14) days after being served a copy" of the Report and Recommendation. A party may respond to those objections within fourteen (14) days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).