UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CARL GREEN, *assignee of Kathlyn Gray*,

Plaintiff,

v.

CHAMBERLAIN HOME OWNERS ASSOCIATION,

Defendant.

Civil No. 20-798 (JRT/BRT)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

Carl Green, 412 South Fourth Street, Suite 1155, Minneapolis, MN 55415, *pro se*.

Nigel H. Mendez, **CARLSON & ASSOCIATES LTD**, 1052 Centerville Circle, Vadnais Heights, MN 55127, for defendant.

Plaintiff filed this action, alleging that Defendant deprived Kathleen Gray[1] of her home (the "Property") without due process in violation of the Fifth Amendment. (Compl. ¶ 10, March 25, 2020, Docket No. 1.) In response, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6), (Mot. Dismiss, May 12, 2020, Docket No. 5), and a Motion for Sanctions pursuant to Rule 11 asking the Court to declare Plaintiff a vexatious litigant, (Mot. Sanctions, July 8, 2020, Docket No. 17.)

---

[1] The Court notes that the caption reads "Kathlyn," whereas the Complaint reads "Kathleen."

-1-

On November 12, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Defendant's Motion to Dismiss be granted, as Defendant is not a federal actor and, thus, the Fifth Amendment is not implicated.  (R&R at 6, 9, Nov. 12, 2020, Docket No. 27.)  The Magistrate Judge also recommended that Defendant's Motion for Sanctions be granted, in part, to the extent that Plaintiff be precluded from filing further actions related to the Property in the United States District Court for the District of Minnesota against Defendant, its board members, its property managers, and its legal counsel without first obtaining leave of court, as Plaintiff has filed multiple actions in relation to the foreclosure of the Property—in state and federal court—all of which have been have been decided against Plaintiff, and there is nothing more to allege or argue that could not have been in prior cases or appeals.  (*Id.* at 7–9, 10.)  Plaintiff objects to the Magistrate Judge's recommendations, arguing that the Fifth Amendment does apply and that he is not a vexatious litigant.  (Obj., Nov. 25, 2020, Docket No. 28.)

First, to plausibly allege a Fifth Amendment due process claim, a plaintiff must allege that the federal government or a federal action deprived them of property, *see Barnes v. City of Omaha*, 574 F.3d 1003, 1006 n.2 (8th Cir. 2009) (citing *Dusenbery v. United States,* 534 U.S. 161, 167 (2002)), or that the private action complained of is, in essence, the action of the federal government, *see Junior Chamber of Commerce of Kansas City v. Mo. State Junior Chamber of Commerce,* 508 F.2d 1031, 1033 (8th Cir. 1975); *see also*

*Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (establishing that a due process claim involving a private actor must demonstrate a "sufficiently close nexus" with a governmental actor so that the action of the former may be fairly treated as that of the latter).

After conducting a de novo review, *see* Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3), the Court finds that Plaintiff has not alleged any federal action, or any private action with a sufficiently close nexus with federal action, as he only alleges that Defendant brought a foreclosure action in state court and obtained a default judgment there with respect to the Property.[2] Accordingly, the Court will overrule Plaintiff's Objection and adopt the R&R with respect to granting Defendant's Motion to Dismiss and, thus, the Court will dismiss this action without prejudice.

Second, with respect to the portion of the R&R concerning Defendant's Motion for Sanctions, the Court finds that the Magistrate Judge's findings and recommendations are neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). Plaintiff has brought multiple actions to contest Defendant's foreclosure of the

---

[2] In his Objection, instead of presenting arguments with respect to the actual allegations made in the Complaint, or in relation to the R&R's findings and recommendations concerning these allegations, Plaintiff directs attention to another lawsuit he previously filed in federal court in hopes of implicating a federal due process claim. Such redirection does not constitute a proper objection, as it has nothing to do with the proposed findings and recommendations made by the Magistrate Judge at issue here. *See* Fed. R. Civ. P. 72(b)(2). Additionally, the Court notes that Plaintiff was the one who initiated the previous lawsuit, as assignee of Kathleen Gray's estate. As such, the Court further notes, without deciding, that Plaintiff would be hard-pressed to allege a plausible due process violation in relation to the federal lawsuit.

Property—individually, on behalf of his LLC, and as an assignee of the Grays—and has had ample opportunity to allege or argue all issues and related matters concerning the foreclosure, albeit without success; yet, he continues to drag Defendant back into court to continue litigating the foreclosure of the Property.

Defendants have a right to be free from vexatious and, by this point, frivolous litigation, and the Court has a clear obligation to exercise its authority to protect litigants from such behavior. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (citations omitted). As such, the Court may place reasonable restrictions on any such litigant, which may serve to limit or condition future filings of additional lawsuits. *Id.*; *see also Sassower v. Carlson*, 930 F.2d 583, 584–85 (8th Cir. 1991) (ordering that, in light of plaintiff's history of frivolous and vexatious litigation, plaintiff was enjoined from filing any civil action in the United States District Court, District of Minnesota, without first obtaining leave of that court).

The Court finds that the Magistrate Judge's recommendation to order Plaintiff to first obtain leave of court before filing further actions related to the Property in the District of Minnesota against Defendant, its board members, its property managers, and its legal counsel is a reasonable restriction. Accordingly, the Court will overrule Plaintiff's Objection and adopt the R&R with respect to granting, in part, Defendant's Motion for Sanctions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 28] is **OVERRULED**;

2. The Magistrate Judge's November 12, 2020 Report and Recommendation [Docket No. 27] is **ADOPTED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice**; and

4. This action is referred to the Magistrate Judge to consider Plaintiff's request to amend his Complaint pursuant to Rule 15(a)(2).

5. The Clerk of Court shall not file, or respond to, any future submissions from Defendant, except as directed by the Court.

DATED: February 8, 2021
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court